UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re:      Chapter 7
**PERMCLIP PRODUCTS CORPORATION**     Case No. 1-19-11423-CLB
    Debtor     EIN: 16-0992179

---

**MORRIS L. HORWITZ**, as Chapter 7 Bankruptcy Trustee of
Permclip Products Corporation
    *Plaintiff*

v.     Adv. Proc. No.

**NATIONAL FUEL GAS DISTRIBUTION CORPORATION**
**6363 MAIN STREET**
**WILLIAMSVILLE, NY 14221**

    *Defendant*

---

### ADVERSARY PROCEEDING COMPLAINT
---

Plaintiff, MORRIS L. HORWITZ, Trustee of the above-named debtor, by his attorney, Morris L. Horwitz, Esq. complains of defendant and shows the court as follows:

1. A voluntary petition (hereinafter "the Petition") was filed in this case under Chapter 11 of Title 11 of the Bankruptcy Code on July 17, 2019 (hereinafter "the Petition Date") by Permclip Products Corporation (hereinafter "Debtor") giving rise to Western District Bankruptcy Case Number 1-19-11423-CLB (hereinafter "the Bankruptcy Case") which case was converted to a case under Chapter 7 of the Bankruptcy Code on December 23, 2020; the undersigned was duly appointed interim trustee therein.

2. Plaintiff, Morris L. Horwitz (hereinafter "Plaintiff") is the duly appointed and acting Trustee in the Bankruptcy Case.

3. This adversary proceeding is brought pursuant to 11 U.S.C. §§547 and 550 and Federal Rules of Bankruptcy Procedure 7000(1) to avoid certain pre-petition transfers from Debtor to Defendant, National Fuel Gas Distribution Corporation (hereinafter "Defendant"), as preferential

transfers, to recover from Defendant the amount of said transfers, and to recover fees and costs.

4. Jurisdiction over this adversary proceeding is based on 28 U.S.C. §§1334(b) and 157(b)(2)(F). This is a core proceeding under 28 U.S.C. §157(b)(2)(F).

5. This district is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1409(a).

6. Defendant, upon information and belief, is a corporation that maintains its principal places of business as set forth in the caption hereof, and that does business in Erie County, State of New York.

**FIRST CLAIM FOR RELIEF**

7. The Debtor did, within ninety days of the filing of the petition for relief herein, pay to the Defendant the sum of $7,821.87 on or about and between April 18, 2019 and July 17, 2019 on account -- as set forth in Schedule A annexed hereto and made a part hereof.

8. Upon information and belief, the debt owed to Defendant by Debtor was an antecedent debt; the transfer of monies made was made while Debtor was insolvent and enabled Defendant to receive more than it would have received in a case under Chapter 7 and if the transfer had not been made.

9. The Trustee, prior to the commencement of this case, based solely on the documentation available to him and after communicating with the Defendant-Transferee for any possible defenses or information upon which a defense would be based [a] exercised due diligence under the circumstances of the case in filing the within adversary proceeding, [b] asserts and alleges that a *prima facie* case for a preference action is herein above stated and [c] has made a review of the known or reasonable knowable affirmative defenses that the Defendant may interpose.

10. That the Plaintiff as Trustee prior to the commencement of this action, demanded said property from the Defendant which Defendant refused and still refuses to deliver any part thereof to

Plaintiff.

**SECOND CLAIM FOR RELIEF**

11. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs "1" through "10" as if set forth in full herein.

12. Defendant is the transferee of the transfers avoidable pursuant to Section 547 of the Bankruptcy Code, which property is recoverable under Section 550 of the Bankruptcy Code.

13. Defendant has not paid the value of the payments transferred nor turned over such property for which it is liable under Section 550 of the Bankruptcy Code.

14. Pursuant to 11 U.S.C. §502(d) any and all claims of the Defendant against the Debtor must be disallowed until such time as the Defendant pays the Plaintiff the amount equal to the payments transferred to Defendant, plus interest thereon and costs.

**THIRD CLAIM FOR RELIEF**

15. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs "1" through "14" as if set forth in full herein.

16. Defendant is the transferee of the transfers avoidable pursuant to Section 547 of the Bankruptcy Code, which property is recoverable under Section 550 of the Bankruptcy Code.

17. Based upon the foregoing, any and all claims of the Defendant against the Debtor must be subordinated to the allowed claims of the general unsecured creditors of the Debtor pursuant to 11 U.S.C. §510.

**WHEREFORE**, Plaintiff, Morris L. Horwitz, as Trustee in Bankruptcy of Permclip Products Corporation prays this Court enter an Order and Judgment in favor of Plaintiff and against the Defendant as follows:

[A] on the First Claim for Relief, pursuant to 11 U.S.C. §§ 547, 550 and 551, an Order and Judgment against the Defendant [a] avoiding and setting aside each payment by the

Debtor to the Defendant and [b] recovering from the Defendant the sum of $7,821.87 together with interest thereon from the date of each payment; and

[B] on the Second Claim for Relief, an Order and Judgment disallowing any and all claims of the Defendant against the Debtor until such time as the Defendant pays Plaintiff the amount of all transfers made by the Debtor to the Defendant, together with interest thereon and costs; and

[C] on the Third Claim for Relief, an Order and Judgment subordinating any and all claims of the Defendant against the Debtor to the allowed claims of the general unsecured creditors of the Debtor pursuant to 11 U.S.C. §510; and

[D] Granting Plaintiff such other relief as the Court might deem to be just and proper.

Dated: Buffalo, New York
December 15, 2021

**/s/MORRIS L. HORWITZ**
MORRIS L. HORWITZ, ESQ.
ATTORNEY FOR TRUSTEE
POST OFFICE BOX 716
GETZVILLE, NEW YORK 14068
[716]-830-3279
Morris.Horwitz@gmail.com

**SCHEDULE A**: PAYMENTS MADE BY DEBTOR TO DEFENDANT:

| Check No. | Bank | Clear Date | Amount |
| --- | --- | --- | --- |
| 7478 | M&T | 4/18/2019 | 95.27 |
| 7495 | M&T | 4/29/2019 | 1,172.83 |
| 7496 | M&T | 4/29/2019 | 1,606.00 |
| 7514 | M&T | 5/15/2019 | 629.59 |
| 7527 | M&T | 5/20/2019 | 1,600.00 |
| 7533 | M&T | 5/29/2019 | 14.21 |
| 1019 | KeyBank | 6/10/2019 | 196.20 |
| 1027 | KeyBank | 6/24/2019 | 1,606.00 |
| 1062 | KeyBank | 7/17/2019 | 167.23 |
| 1071 | KeyBank |  | 734.54 |
|  |  | Total | 7,821.87 |